**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**MICHAEL THOMPSON, #06271-088**                          **PETITIONER**

**versus**                          **CIVIL ACTION NO. 5:09cv163-DCB-MTP**

**BRUCE PEARSON, Warden**                               **RESPONDENT**

**ORDER**

THIS MATTER is before the court on the Motion for Certification of Constitutionality [14] filed by Petitioner.[1] Having considered the submissions of the parties, along with the documents made a part of the record of this case and the applicable law, the court finds that the motion should be denied.

Petitioner Michael Thompson filed his *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on or about October 8, 2009, claiming that he is entitled to 326 days of credit for time served beyond his projected release date on a prior federal sentence.[2] In his "Motion for Certification of Constitutionality," Petitioner apparently requests the United States to intervene in this action and to present evidence and arguments as to whether the Bureau of Prisons' actions are constitutional, citing to 28 U.S.C. § 2403 as authority.

Section 2403 provides,

> In any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or employee thereof **is not a party**, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of

---

[1]This pleading was also filed as a Response [13] to Respondent's Response [11] to Petition.

[2]The undersigned has entered a Report and Recommendation [12] recommending that the petition be denied.

constitutionality.

28 U.S.C . § 2403 (emphasis added).  As Respondent points out, because the United States, or an agency, officer or employee thereof is in fact a party to this civil action, this statute does not apply. Accordingly,

IT IS, THEREFORE, ORDERED:

That Petitioner's Motion for Certification of Constitutionality [14] is DENIED.

SO ORDERED on the 25th day of October, 2010.

                                                      s/ Michael T. Parker
                                                      United States Magistrate Judge