### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**MICHAEL THOMPSON, #06271-088**                                                **PETITIONER**

**versus**                                                 **CIVIL ACTION NO. 5:09cv163-DCB-MTP**

**BRUCE PEARSON, Warden**                                                      **RESPONDENT**

### ORDER

THIS MATTER is before the court on the Motion to Reconsider [17] filed by Petitioner. The court having considered the motion finds that it should be DENIED.

In his Motion [17], Plaintiff asks the court to reconsider its Order [16] denying his Motion [14] for Certification of Constitutionality. This court enjoys the inherent power to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure."[1] *McDonald v. Entergy Operations, Inc.*, No. 5:03cv241BN, 2005 WL 1528611, at *1 (S.D. Miss. 2005). This court has "considerable discretion" in deciding whether to grant a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 F. App'x 634, 636 (5th Cir. 2007) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)).

---

[1] Rule 59(e) is not technically applicable to Plaintiff's Motion [50] since the Order [32] was not a final "judgment." *See* Fed. R. Civ. P. 54; 59(e); 72. However, several district courts within the Fifth Circuit have applied the legal standards set forth in Rule 59(e) to motions to reconsider interlocutory orders. *See W.C. Bulley v. Fid. Fin. Servs. of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *2 (S.D. Miss. Sept. 8, 2000); *Goldman*, 2006 WL 861016, at *1; *Martinez v. Bohls Equip.Co.*, No. SA-04-CA-0120-XR, 2005 WL 1712214, at *1 (July 18, 2005). Accordingly, the court will apply the same standard to the instant motion.

A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge[,]" *McDonald*, 2005 WL 1528611, at *1 (citations omitted), and its purpose "is not to re-debate the merits of a particular motion."  *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *3 (S.D. Miss. Sept. 8, 2000).  Indeed, "[i]f a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider."  *Id.*    There are only three grounds for which this court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice."  *W.C. Bulley*, 2000 WL 1349184, at *2 (citations omitted).  If one of these three grounds is not present, the court must deny the motion.  *Id.* at *3.  As Petitioner has failed to demonstrate any of these grounds, the motion must be denied.  Accordingly,

IT IS, THEREFORE, ORDERED that Petitioner's Motion to Reconsider [17] is DENIED.

SO ORDERED this the 15th day of November, 2010.

s/ Michael T. Parker<br>
United States Magistrate Judge